JACOB HAAG AND PHILIP HAAG, CLAIMANTS, RESPONDENTS, *v.* CHARLES HILLEMEIER, OWNER AND APPELLANT.

ALEXANDER HIGINBOTHEM, CLAIMANT, RESPONDENT, *v.* CHARLES HILLEMEIER, OWNER AND APPELLANT.

*Mechanics' lien* — 1854, *chap.* 402, *sec.* 20, *as amended by chap.* 188 *of* 1871 — *the lien continues until a final judgment is rendered.*

The plaintiff brought this action to foreclose a lien claimed by him under chapter 402 of 1854, and the acts amendatory thereof, which provide that "every lien created under the provisions of this act shall continue until the expiration of one year, unless sooner discharged by the court or some legal act of the claimant in the proceedings, but if, within such year, proceedings are commenced under this act to enforce or foreclose such lien, then such lien shall continue until judgment is rendered therein, and for one year thereafter. Such lien shall also continue during the pendency of any appeal and for one year after the determination thereof."

The plaintiff obtained a judgment which was, upon appeal, reversed, a new trial, with costs to abide the event, being ordered. The case not having been reheard and more than a year having elapsed from the time of the reversal of the judgment, the defendants moved to dismiss the action upon the ground that the lien had ceased to exist.

*Held,* that the motion was properly denied; that the provision that the lien should continue "until judgment is rendered," meant until a final judgment is rendered.

APPEALS from orders made at the Westchester Special Term, denying a motion made to dismiss and discontinue the action in each of the above entitled cases.

Both motions were made upon the ground that the mechanics' liens, which these suits were brought to foreclose, had ceased through lapse of time, and that the liens having ceased these suits fall also, and must be discontinued, and from the denials of these motions the defendant owner, Charles Hillemeier, appeals. Both of these proceedings were brought to foreclose mechanics' liens filed under chapter 402 of the Laws of 1854, as amended, against the defendant Hillemeier's property in Mount Vernon, N. Y. Both suits proceeded to judgments which were rendered in favor of the respective claimants, and from these judgments the defendant Hillemeier appealed to the General Term, where said judgments were reversed and new trials granted.

In the Haag case said General Term judgment, with notice of entry, was duly served on claimants' attorney on December 24, 1884. In the Higinbothem case said General Term judgment, with notice of entry, was duly served on claimants' attorney on September 23, 1884. No appeal was taken in either case to the Court of Appeals, and neither case has been again brought to trial.

In February, 1886, the motion papers in these motions were served, and the motions were argued on February 27, 1886.

*Henry W. Hayden,* for the appellant.

*Joseph S. Wood,* for the claimants and respondents.

BARNARD, P. J.:

The motion to dismiss the action was properly denied. The plaintiff seeks to establish and foreclose a lien under chapter 402, Laws of 1854, section 20, as amended by chapter 188 of 1871. It is provided by the act, as it now stands, as follows: " Every lien created under the provisions of this act shall continue until the expiration of one year, unless sooner discharged by the court or some legal act of the claimant in the proceedings, but if within such year proceedings are commenced under this act to enforce or foreclose such lien, then such lien shall continue until judgment is rendered therein and for one year thereafter. Such lien shall also continue during the pendency

of any appeal, and for one year after the determination thereof." The claimant obtained a judgment, which was appealed from and reversed with a direction for a new trial, costs to abide event. This determination upon the appeal was made over a year ago in June, and the case has not been yet reheard. The section saves the proceedings until a judgment is rendered. None has yet been rendered. A faulty judgment was obtained and that was set aside. The case is still one where proceedings are commenced, and the lien continued " until judgment is rendered," that is, until a final judgment is rendered. The appeal proceedings have no relevancy except to prolong the period between the commencement of the proceedings and judgment therein.

The order should be affirmed, with costs and disbursements.

CULLEN, J., concurred ; DYKMAN, J., not sitting.

Orders in each of these cases refusing to dismiss action affirmed, with costs and disbursements.